STATE OF WEST VIRGINIA

*In re* A.C. and L.C.

No. 18-0219 (Roane County 17-JA-28 and 17-JA-29)

FILED

October 12, 2018

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.C., by counsel David B. Richardson, appeals the Circuit Court of Roane County's February 13, 2018, order terminating her parental rights to A.C. and L.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael W. Asbury Jr., filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an extension of her post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 28, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner's substance abuse impaired her ability to parent the children. Petitioner waived her preliminary hearing. On June 19, 2017, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations of abuse and neglect. Petitioner was granted a post-adjudicatory improvement period. On September 15, 2017, petitioner entered into a ninety-day inpatient substance abuse treatment program. However, petitioner was discharged from the program in October of 2017 for noncompliance with medication; toxic behaviors, language, and disengagement in group sessions; and admitted use of an illegal substance. On December 7, 2017, petitioner entered a twenty-eight-day treatment program. However, she was discharged from that program after only one day due to her violation of the rule that she was not allowed to have her cell phone in her room. During her one day in that program, petitioner provided a drug

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

screen that was positive for methamphetamine. On December 22, 2017, petitioner entered a new twenty-eight-day treatment program.[2]

On January 11, 2018, the circuit court held a final review hearing at which it considered the DHHR's and the guardian's joint motion to terminate petitioner's post-adjudicatory improvement period and petitioner's motion to extend the improvement period. The DHHR presented evidence of petitioner's noncompliance with her post-adjudicatory improvement period, her failed attempts at treatment, and her positive drug screens. Petitioner admitted to her discharge from the day report center for various violations. According to the DHHR, petitioner had not visited the children since October of 2017. The circuit court also heard testimony from the children's foster care caseworker, who testified that the children were thriving in the foster home and that there had been a decline in the children's questions regarding their parents. Following the presentation of testimonial evidence, the circuit court denied petitioner's motion for an extension of her post-adjudicatory improvement period, terminated her improvement period, and scheduled the matter for disposition.

On February 8, 2018, the circuit court held a final dispositional hearing to address the DHHR's and the guardian's joint motion to terminate petitioner's parental rights and petitioner's renewed motion for an extension of her post-adjudicatory improvement period. The circuit court took judicial notice of evidence from prior hearings and found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interests. Ultimately, petitioner's parental rights were terminated in the circuit court's February 13, 2018, order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]It is unclear from the record whether petitioner completed this program.

[3]The father's parental rights were also terminated below. According to respondents, the children are placed together in a foster home and the permanency plan is to find a suitable adoptive home for the children.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for an extension of her post-adjudicatory improvement period. In support of her argument, petitioner asserts that she has been "meaningfully participating" in a treatment program since December of 2017.[4] She also argues that the circuit court "minimized [her] commitment and accomplishments by finding that she had not substantially complied with the terms and conditions of her improvement period." However, we do not find these arguments persuasive.

Pursuant to West Virginia Code § 49-4-610(6),

> [a] court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child[ren]; and that the extension is otherwise consistent with the best interest of the child[ren].

While petitioner argues that she is currently participating in meaningful treatment, during the majority of her post-adjudicatory improvement period, petitioner continuously failed to complete treatment. In fact, petitioner was discharged from two treatment programs and from the day report center for non-compliance due to behavioral issues, failure to engage in group sessions, violations of rules and policies, and substance abuse. Additionally, petitioner stopped visiting with the children in October of 2017. Clearly, petitioner did not substantially comply with the conditions of her post-adjudicatory improvement period and, therefore, failed to meet the requisite burden to receive an extension thereof. Petitioner also argues that an extension of her post-adjudicatory improvement period would not have harmed the children. However, as discussed, she did not meet the requisite burden to receive an extension of her improvement period. Moreover, due to her failure to make any meaningful improvements during the proceedings, granting petitioner an extension of her improvement period would only delay establishing permanency for the children.

Further, we find no error in the circuit court's termination of petitioner's parental rights. Petitioner argues that termination of her parental rights was not in the best interests of the children. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

---

[4]Petitioner's brief was filed on May 4, 2018, yet there is no evidence that she had completed any substance abuse treatment program at that time.

The evidence discussed above also supports the termination of petitioner's parental rights. Petitioner failed to successfully complete a substance abuse treatment program during her post-adjudicatory improvement period. In addition to being dismissed from two treatment programs and the day report center, she tested positive for methamphetamine during the proceedings and stopped visiting with her children in October of 2017. Based on this evidence, there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Additionally, due to petitioner's failure to correct the conditions of abuse and neglect, it is clear that the termination of petitioner's parental rights was in the children's best interest in order to establish permanency. Therefore, the circuit court did not err in terminating petitioner's parental rights.

Lastly, due to the fact that the DHHR is continuing to work to secure a suitable adoptive home for the children, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va. Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 13, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating

5